IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                              Case No. 4:15-cr-00190-LPR-1

CHARLES TYRONE JACKSON                                                                DEFENDANT

## ORDER

Before the Court is Defendant Charles Tyrone Jackson's *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 77). It appears that Mr. Jackson may also be bringing a Motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). Because Mr. Jackson is proceeding *pro se*, the Court construes his Motion liberally and will consider the merits of his Motion under both § 3582(c)(1) and (c)(2). For the following reasons, Mr. Jackson's Motion will be denied.

### 18 U.S.C. § 3582(c)(1)(A)

On April 8, 2020, Mr. Jackson filed a request for compassionate release with the warden of his facility. (Doc. 77 at 2-3). There is no precise indication as to when the warden received Mr. Jackson's request for compassionate release. Because Mr. Jackson is *pro se*, the Court will assume that the request was received on the day Mr. Jackson dated and filed the letter—April 8, 2020. According to the Government's response, the warden denied Mr. Jackson's request on May 21, 2020. (Doc. 82 at 1).

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may file a motion for compassionate release with the sentencing court if the warden fails to act on the request within 30 days of receipt of the

request. Assuming that the warden received Mr. Jackson's request on April 8, 2020, the warden here failed to act on the request within 30 days. Although the warden did eventually respond to Mr. Jackson's request, 30 days had already lapsed without action. Thus, while Mr. Jackson had the option to pursue an administrative appeal, he was under no obligation to do so given the warden's failure. Accordingly, this Court has jurisdiction to consider Mr. Jackson's Motion under 18 U.S.C. § 3582(c)(1)(A).

According to 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment only if, "after considering the factors set forth in § 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Congress did not define what constitutes an "extraordinary and compelling" reason. Instead, Congress expressly instructed the Court to consider the Sentencing Commission's pertinent policy statements.[1] Section 1B1.13 of the United States Sentencing Guidelines (U.S.S.G.) serves as the Sentencing Commission's "general policy statement" regarding the "appropriate use" of the sentence modification provisions found in 18 U.S.C. § 3582(c). 28 U.S.C. § 994(a)(2).[2]

For the most part, § 1B1.13 mirrors the requirements found in 18 U.S.C. § 3582(c)(1)(A). But Congress specifically required the Sentencing Commission to include in its policy statement

---

[1] Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must ensure that any reduction in sentence comports with the Sentencing Commission's applicable policy statements. The Court is also required to consider the Sentencing Commission's general policy statement when considering the factors listed in 18 U.S.C. § 3553(a). Specifically, § 3553(a) states that the Court "shall consider" any pertinent policy statement issued by the Sentencing Commission under 28 U.S.C. § 994(a)(2). *See* 18 U.S.C. § 3553(a)(5)(A).

[2] "The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is authorized by 28 U.S.C. § 994(t) to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.' This policy statement implements 28 U.S.C. § 994(a)(2) and (t)." FEDERAL SENTENCING GUIDELINES § 1B1.13 Background (U.S. SENTENCING COMM'N 2020).

"what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). This statutory requirement manifests a clear congressional intent for the Sentencing Commission to have the ultimate say on what constitutes an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A)(i). Because the Court can only modify a term of imprisonment if it is consistent with the Sentencing Commission's policy statement, the Court can therefore only modify Mr. Jackson's term of imprisonment if it would be consistent with U.S.S.G. § 1B1.13.[3]

Mr. Jackson's Motion makes vague references to the Covid-19 "pandemic" and various family related concerns. His Motion states that his letter to the warden identifies "all the problems" that he believes warrants his release. (Doc. 77 at 1). The letter explains that Mr. Jackson is seeking compassionate release because his son—who is 35-years-old—has recently become sick with stage 4 cancer and needs Mr. Jackson's help. (Doc. 77 at 2-3). Mr. Jackson asserts that his son's biological mother cannot help because she lives in Oklahoma and is a cancer patient herself. He asserts that his current wife cannot care for his son because she works at a hospital and has high blood pressure, rendering her at an increased risk for Covid-19. Mr. Jackson also requests compassionate release because his father, who is 80-years-old, was cared for by Mr. Jackson's son, who is now sick with cancer. (Doc. 77 at 2). Mr. Jackson notes that African Americans are more at risk for Covid-19, and he asserts that he needs to get home "to make an attempt to save" his wife's, son's, and father's lives. (*Id.*).

Mr. Jackson clearly takes the position that his family circumstances constitute an extraordinary and compelling reason for release. Indeed, nothing in Mr. Jackson's Motion or letter

---

[3] Once again, the Court is required to "consider" the Sentencing Commission's policy statement in order to satisfy its obligation to consider "the factors set forth in § 3553(a) . . . ." 18 U.S.C. § 3582(c)(1)(A). The Court is further required to adhere to § 1B1.13 insofar as any sentence reduction must comport with the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

suggests that he is suffering serious physical or mental illness or any age-related deterioration in health.  Application Note 1 to the Commentary on U.S.S.G. § 1B1.13 states that "Family Circumstances" may constitute an extraordinary and compelling reason for release in two specific situations.[4]  The first occurs upon "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children."[5]  The second occurs upon "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[6]  Neither of those situations are at play here.

Mr. Jackson's son is not a minor.  Moreover, Mr. Jackson does not allege that his son's caregiver has died or become incapacitated.  To the contrary, Mr. Jackson explains that his son is 35-years-old, single, and maintains his own address.  Although unfortunate, his son's recent diagnosis does not constitute an extraordinary and compelling reason for release under § 1B1.13 cmt.1(C)(i).  Nor does Mr. Jackson's Motion meet the requirements of § 1B1.13 cmt.1(C)(ii).  Mr. Jackson does not allege that his current wife is incapacitated, or that he would be her only available caregiver in the event that she was incapacitated.  Finally, the age and health of Mr. Jackson's father does not fall within the narrow scope of family related extraordinary and compelling reasons for release.

To the extent Mr. Jackson's Motion relies on the Sentencing Commission's catch-all provision, that argument also fails.  Under U.S.S.G. § 1B1.13 cmt.1(D), compassionate release may be appropriate if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with,

---

[4] FEDERAL SENTENCING GUIDELINES § 1B1.13 cmt.1(C) (U.S. SENTENCING COMM'N 2020).

[5] *Id.* at cmt.1(C)(i).

[6] *Id.* at cmt.1(C)(ii).

the reasons described in subdivisions (A) through (C)."[7]  It is not clear whether "the discretion vested in the BOP Director under [this] catch-all provision [also] belongs coextensively to federal judges."[8]  This is because "[t]he Sentencing Commission, currently lacking a quorum, has yet to update § 1B1.13 since Congress amended § 3582(c)(1)(A)."[9]  Some courts take the position that federal judges may apply the catch-all provision in the same manner as the Director of the BOP.[10]  Other courts disagree.[11]  The Court here need not resolve that issue.  Under either approach, Mr. Jackson's Motion for Compassionate Release fails.

Even assuming that the Court can apply the catch-all provision, Mr. Jackson's concerns do not warrant his release.  As an initial matter, the Sentencing Commission specifically addressed what circumstances it felt warranted release in the context of a defendant's familial responsibilities.  The deliberate decision to limit release to circumstances involving a minor child or children or the incapacitation of a spouse or partner makes sense.  Absent these unique situations, defendants should not be released simply because the pages of life continue to turn.  Furthermore, Mr. Jackson's concerns regarding Covid-19 and his family's susceptibility to the virus are unavailing.  It does not appear that any of Mr. Jackson's family members have Covid-19.  If a defendant's fear of contracting Covid-19 himself is not an extraordinary and compelling reason for release, then neither is a defendant's fear of a family member contracting the virus.  *See, e.g.*, *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020) ("Unfortunately, fear of contracting COVID-19 or of experiencing more intense

---

[7] *Id.* at cmt.1(D).

[8] *United States v. Fraenchot Deon Banks*, No. 2:11-CR-4-5, 2020 WL 3145691, at *2 (D.N.D. June 12, 2020).

[9] *Id.*

[10] *Id.* (listing cases in favor of a court's use of discretion under § 1B1.13 cmt.1(D)).

[11] *Id.* (listing cases opposing a court's use of discretion under § 1B1.13 cmt.1(D)).

symptoms than the average person are not extraordinary or compelling enough reasons for release.").

### 18 U.S.C. 3582(c)(2)

Mr. Jackson's Motion also requests the Court to reconsider his "sentence under new laws that would allow [for] the discretion of the judge." (Doc. 77 at 1). But Mr. Jackson does not identify the "new laws" to which he refers. Instead, he contends that a "safety-valve" provision should have applied at the time of sentencing. (*Id.*). In an attempt to fit the pieces of this argument together, the Government suggests that Mr. Jackson's Motion is likely alluding to the recent amendment of 18 U.S.C. § 3553(f), which is commonly known as a "safety valve" provision. (Doc. 82 at 4). The Government argues, however, that the amendment was part of the First Step Act of 2018 and does "not have retroactive application." (*Id.* citing First Step Act of 2018, § 402(b); *see also United States v. Manzo*, 793 F. App'x 620 (9th Cir. 2020)).

The Court need not determine whether the amendment applies retroactively in this case. Even assuming that it does, Mr. Jackson does not qualify for the safety valve provision. For the benefit of § 3553(f) to apply, the Court must find (among other things) that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5). This particular requirement was in place at the time of Mr. Jackson's sentencing, remains in place following the First Step Act's amendments, and was the very reason that Judge Holmes declined to apply the safety valve provision. (Doc. 73 – *sealed*). Thus, even if the amendments apply retroactively, Mr. Jackson is not entitled to release or a sentence reduction based on 18 U.S.C. § 3553(f).

## CONCLUSION

For all of the foregoing reasons, Mr. Jackson's Motion for Compassionate Release (Doc. 77) is DENIED with prejudice.

IT IS SO ORDERED this 17th day of July.

                                                      LEE P. RUDOFSKY
                                                     UNITED STATES DISTRICT JUDGE